(4 Misc. Rep. 257.)

MECHANICS' & TRADERS' BANK v. LIVINGSTON et al. (No. 1.)

(City Court of New York, General Term. June 19, 1893.)

NEGOTIABLE INSTRUMENTS—ACCOMMODATION MAKER.

Where, in an action on a note executed by defendants to H., and indorsed by H. to plaintiff, there was uncontroverted evidence that such note, with other notes, was delivered to plaintiff by H. as collateral security for a specific debt owed by H. to plaintiff, and that the whole of such debt had been collected, it was reversible error to exclude evidence that defendants were merely accommodation makers of the note sued on, in that, if defendants were accommodation makers, plaintiff could not enforce payment of the note, against them, for any amount beyond that for which it was pledged.

Appeal from trial term.

Argued before McGOWN, VAN WYCK, and FITZSIMONS, JJ.

Geo. F. Martens, for appellants.
Charles Strauss, for respondent.

VAN WYCK, J. The action is by the bank, on a promissory note made by defendants to the order of Haas & Pohalski, and by them indorsed and delivered to the bank. The alleged defense of defendants, the makers, is that the note was given to Haas &

Pohalski for their accommodation, and without consideration, and that Haas & Pohalski delivered this note, together with 26 other promissory notes, aggregating, with this one, $6,024.77, to the bank, as collateral security for the payment of a note for $3,000 made by them to order of, and delivered to, the bank, at the same time, for full value, and that this $3,000 note has been fully paid by collection by the bank of over $3,000 on the other 26 notes given as security as aforesaid. The record shows that the uncontradicted testimony of defendants' witness Ryttenberg is that "at the time the bank made the loan of $3,000 there was a list of notes which were given as collateral for this loan. I took the notes contained in this list along with me, with the $3,000 demand note, to the bank. I gave $3,000 as a demand note to the bank, subject to the bank's order. The other notes mentioned in the list—there were about 26 of them—were not discounted, and were given as collateral security for the $3,000 loan made by the bank to Haas & Pohalski on the demand note." As this witness was proving payment of the other 26 collateral notes, the plaintiff admitted as follows: "Plaintiff admits that about $3,000 of those collateral notes have been paid,"—and thereupon the list of these 27 notes, including the one in suit, was marked, in evidence, "Defendants' Exhibit 1." This uncontradicted proof made out a complete defense, under the law of this state, provided that the defendants were accommodation makers of the note sued upon. Bank v. Bell, 125 N. Y. 38, 25 N. E. Rep. 1070, in which Judge Andrews, writing, says:

"Assuming that there was no wrongful diversion of the note by Crosby, nevertheless the bank cannot enforce it, against the accommodation maker, for any amount beyond that for which it was pledged, nor for a debt for which it was not pledged."

If the debt for which accommodation paper was pledged has been paid in full, the pledgee has no cause of action against the accommodation maker thereof. Upon the trial of this cause the defendants were denied the privilege of proving that they were accommodation makers of the note sued upon, and the record shows that they made proper effort to do so, and duly excepted. Had they made such proof, then the verdict should have been directed for the defendants. Hence the direction of a verdict in favor of the plaintiff was error, and the judgment and order appealed from must be reversed, with cost to appellants, to abide the event, and new trial ordered. All concur.